UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 14-MJ-978 (JSM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **ORDER OF DETENTION** |
| v. | ) |
| MOHAMED ALI OMAR, | ) |
| Defendant. | ) |

This matter came before the Court on Friday, November 14, 2014 for a preliminary hearing and a hearing on the motion of the United States for detention of the defendant. The defendant was present personally and represented by Daniel Mohs, Esq. The United States was represented by Assistant United States Attorney John Docherty. One exhibit was received, Plaintiff's Exhibit One (a color photocopy of the defendant's Facebook profile page). No witnesses were called. The hearing proceeded by attorney proffer. *United States v. El-Hage*, 213 F.3d 74, 82 (2nd Cir. 2000) (either party may proceed by proffer at a bail hearing, where the rules of evidence do not apply); *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996)("every circuit to have considered the matter . . . has permitted the government to proceed by way of proffer"(citations omitted)).

The defendant waived a preliminary hearing. Based on the sworn allegations of the affidavit of FBI Special Agent Matthew Parker in support of the complaint, the Court finds that there is  probable cause to believe that the defendant committed the offense

charged in the complaint, namely, threatening a federal officer in violation of Title 18, United States Code, Section 111.  The Court now also finds by a preponderance of the evidence that the defendant poses a risk of non-appearance and by clear and convincing evidence that the defendant poses a risk of harm to the community.  The Court finds that there are no conditions or combination of conditions which will assure the defendant's presence in court when ordered or the safety of the community.  The Court therefore grants the motion of the United States for detention.

## **DETENTION**

The allegations in Special Agent Parker's complaint affidavit, the facts set forth in the Report of Pretrial Services, and the government's proffer at the detention hearing show that there is probable cause to believe the defendant threatened two FBI Agents and an FBI contract interpreter on the evening of Thursday, November 6, 2014.  The defendant made statements indicating that he possessed a firearm, for example, "I have a permit to carry."  A criminal complaint was issued by this Court (the Honorable Janie S. Mayeron, United States Magistrate Judge) on Friday, November 7, 2014, and the defendant was arrested on that complaint later on Friday.  A warranted search was conducted of the defendant's residence immediately after he had been taken into custody.  That search found two empty boxes for Glock firearms; a holster; and a box of .45 caliber ammunition containing approximately 23 rounds.  Since the ammunition was sold in a 50-count box, the fact that 23 rounds were in the box at the time of the search means that 27 rounds had been expended.  While being driven to Court from the Sherburne County Jail on the morning of Monday, November 10, 2014, the defendant told FBI Agents that

he had had two Glock pistols but that he no longer possessed them.  He told the agents he was not comfortable telling them where the Glocks had gone.  The defendant has several firearms-related arrests (but no convictions), two of them in 2014.  Plaintiff's Hearing Exhibit One includes a color photograph of the defendant sitting in a motor vehicle with a pistol on the seat beside him.

The defendant has a poor record in Minnesota state court of attending court when ordered to do so.  He has approximately 20 failure to appear warrants.  While some of these are for traffic offenses, at least six are for court hearings.

## CONCLUSION

The Court concludes, pursuant to 18 U.S.C. § 3142(e), that detention is appropriate.  The Government has met its burden and has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that the defendant is a risk to the community.  The Court finds that there are no conditions or combination of conditions that will assure the defendant's presence in court or the safety of the community.

For the foregoing reasons,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  November 17, 2014                             *s/Steven E Rau*
                                                      Steven E. Rau
                                                      U.S. Magistrate Judge