# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            **ORDER**
                             Criminal File No. 14-389 (MJD/BRT)

(1) MOHAMED ALI OMAR,

      Defendant.

John Docherty, Assistant United States Attorney, Counsel for Plaintiff.

Melvin R. Welch, Welch Law Firm, and Paul Applebaum, Applebaum Law Firm, Counsel for Defendant.

     Defendant Mohamed Ali Omar has been indicted on Count 1: Threatening Federal Law Enforcement Officers, in violation of 18 U.S.C. § 115. A jury trial is scheduled to begin on March 9, 2015. There are significant disputes regarding the jury instruction defining the elements of the charged offense. The Government is to put forth a prima facie showing that A.A. is a federal law enforcement officer.

     The Court proposes the following jury instructions regarding the elements of the offense charged:

1

COURT PROPOSED JURY INSTRUCTION NO. 1

In order to prove the Defendant guilty of threatening federal law enforcement officers, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant threatened to assault or murder J.M., C.T., and A.A.;

Second, that at the time of the alleged threat, J.M., C.T., and A.A. were federal law enforcement officers; and

Third, that the Defendant acted with the intent to impede, intimidate or interfere with the federal law enforcement officers while engaged in the performance of their official duties <u>or</u> with the intent to retaliate against the federal law enforcement officers on account of the performance of their official duties.

Hon. Leonard B. Sand, <u>et al.</u>  Modern Federal Jury Instructions - Criminal, ¶ 14.02, Instruction 14-13.  <u>See also</u> <u>United States v. Watkins</u>, No. 97-3501, 1998 WL 385399, at *2 (7th Cir. June 22, 1998) (citing <u>United States v. Orozco-Santillan</u>, 903 F.2d 1262, 1265 (9th Cir. 1990), <u>overruled in part on other grounds by</u> <u>United States v. Hanna</u>, 293 F.3d 1080 (9th Cir. 2002)).

COURT PROPOSED JURY INSTRUCTION NO. 2

The first element the Government must prove beyond a reasonable doubt is that the Defendant threatened to assault or murder J.M., C.T., and A.A.

A threat is a serious statement expressing an intention to inflict bodily injury or murder at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. A statement is a threat if it was made under such circumstances that a reasonable person making the statement would foresee that the recipient would understand it as a serious expression of intent to inflict bodily injury.

To determine whether or not the Defendant threatened J.M., C.T., and A.A., you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the Defendant used, and the reaction of those who heard the statement.

It is not necessary that the Government prove that the Defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the Defendant's ability to carry it out.

Hon. Leonard B. Sand, <u>et al.</u>  Modern Federal Jury Instructions - Criminal, ¶ 14.02, Instruction 14-14.

COURT PROPOSED JURY INSTRUCTION NO. 3

The second element that the Government must prove beyond a reasonable doubt is that at the time of the alleged threat, J.M., C.T., and A.A. were federal law enforcement officers.

I instruct you that a federal law enforcement officer means any officer, agent, or employee of the United States authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of Federal criminal law. However, it is for you to determine if J.M.,

C.T., and A.A. were federal law enforcement officers at the time in question.

The Government does not have to prove that the Defendant knew that J.M., C.T., and A.A. were federal law enforcement officers. The crime of threatening a federal law enforcement officer is designed to protect federal officials acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the Government to prove that the victims were federal law enforcement officers at the time of the alleged threat. Whether the Defendant knew that the victims were federal law enforcement officers at the time is irrelevant to such a determination, and should not be considered by you.

Hon. Leonard B. Sand, et al. Modern Federal Jury Instructions - Criminal, ¶ 14.02, Instruction 14-15.

COURT PROPOSED JURY INSTRUCTION NO. 4

The third element that the Government must prove beyond a reasonable doubt is that the Defendant acted with the intent to impede, intimidate or interfere with J.M., C.T., and A.A. while engaged in the performance of their official duties or with the intent to retaliate against J.M., C.T., and A.A. on account of the performance of their official duties.

The word "impede" means to stop the progress, obstruct or hinder; to "intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe; to "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose to intervene. To "retaliate" means to return like for like, to act in reprisal for some past act.

>Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the Defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them.

Hon. Leonard B. Sand, <u>et al.</u>  Modern Federal Jury Instructions - Criminal, ¶ 14.02, Instruction 14-16.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The parties must file written objections to the Court's proposed instructions by Friday, March 6, 2015, at noon.  Objections must include citations to the legal basis for the objection.

2. The Government is to provide a written offer of proof of a prima facie showing that A.A. falls under the statutory definition of "federal law enforcement officer" by Friday, March 6, 2015, at noon.

Dated:  March 3, 2015              s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court